

**NIGHT BOX FILED**

FEB 12 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA:** | | CASE NO.: 00-6311-CR-HUCK |
| | | 21 U.S.C. 963 |
| | | 21 U.S.C. 952 |
| Plaintiff, | : | 21 U.S.C. 846 |
| v. | | 21 U.S.C. 843 (b) |
| | : | 21 U.S.C. 841 |
| **CLARENCE LARK** | | 18 U.S.C. 1962 |
| **LARRY CRENSHAW,** | : | 18 U.S.C. 1957 |
| **WILLIAM GARCIA,** | | 18 U.S.C. 1956 |
| **CURTIS NEWTON,** | : | 18 U.S.C. 2 |
| **JOHN GALLO,** | | |
| **RICARDO MCHORNE** | : | |
| **CHARLIE HALL,** | | MAGISTRATE JUDGE BROWN |
| **KEITH LAMPKIN, and** | | |
| **LAWRENCE SEYMORE,** | : | |
| | | |
| Defendants. | : | |

## DEFENDANT, CURTIS NEWTON'S MOTION FOR A BILL OF PARTICULARS AND INCORPORATED MEMORANDUM OF LAW

The Defendant, by counsel, move this Court, pursuant to Fed. Rule Crim. Proc. 7(i) and the fifth, Sixth and Eight Amendments to the United States Constitution to direct the prosecution to file a Bill of Particulars necessary for the defense to understand the charges and prepare its defense. A Memorandum of Law is attached supporting these requests, which are, as follows:

-1-

UNITED STATES V. CURTIS NEWTON             CASE NO.: 00-6311-CR-HUCK

(1) Identify each instance of the activities affecting interstate commerce referred to in Paragraph 5 of Count 2 of the Indictment. For each such activity, specify date, time, place, participant(s) *and the role of each participant.

(2) Identify each act of extortion and sale of illicit narcotics referenced to in Paragraph 2 (a) of Count 2 of the Indictment. For each such act, identify the date, time, place, participant(s) and the role of each participant.

(3) Identify each act of trafficking in cocaine and marijuana referenced in Paragraph 2-7 of Count 2 of the Indictment. For each such act, identify the date, time, place participant(s) and the role of each participant.

(4) Identify each act of racketeering activity referenced in Paragraph 2-7 of Count 2 and paragraph 2 of Counts 3-4 of the Indictment. That is, identify each act of narcotics trafficking, and extortion and or distribution of narcotics referenced in those paragraphs. For each such act, identify the date, time, place, participant(s) and the role of each participant.

(5) Specify which co-conspirators agreed to commit which acts of racketeering as set forth in paragraph 2-7 of Count 2 and paragraph 2 of Counts 3-4

*Throughout this pleading, "participant" is defined as any actor directly or indirectly involved in the alleged act, whether as a principal, aider and abettor, co-conspirator or accessory.

UNITED STATES V. CURTIS NEWTON          CASE NO.; 00-6311-CR-HUCK

## MEMORANDUM OF LAW

The purpose of a bill of particulars is "to apprize the defendant of the essential facts of a crime and should be required where the charges of an indictment are so general that they do not advise a defendant of the specific acts of which he is accused." United States v. Torros, 901 F.2d 205,234 (2d Cir), cert denied 498 U.S. 906 (1990). The defendant must have sufficient information so that he is not unfairly surprised at trial, is able to prepare defenses and can preclude a second trial for the same offense. United States v. Thevis 474 F. Supp 117, 123 (N.D. Ga. 1974). The defendant is to be given the benefit of the doubt in determining whether disclosure should be ordered. Thevis, at 124.

Motions for bill of particulars are directed to the discretion of the court. Wong Tai v. United States, 273 U.S. 77,82 (1927); United States v. Cole 755 F.2d 748, 760 (11th Cir. 1985).

Convictions have been reversed for failure to provide a bill of particulars, particularly in cases where broad and lengthy RICO conspiracies are alleged. See, United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988). The Court stated that the principles governing requests for bills of particulars "must be applied with some care when the Government charges criminal offenses under statutes as broad as RICO. With the wide latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an

UNITED STATES VS. CURTIS NEWTON          CASE NO.: 00-6311-CR-HUCK

'enterprise' through a 'pattern' of racketeering activity comes an obligation to particularize the nature of the charge to a degree that might be necessary in the prosecution of crimes of more limited scope." 845 F.2d at 1154.

In <u>United States vs. Barnes</u>, 158 F.3d 662 (2d Cir. 1998), the Court of Appeals did not reverse the district court's denial of a request for a bill of particulars only because the defendant was unable to show after the trial that he had been prejudiced. The Court of Appeals stated:

> "Since the indictment provided not a shred of detail, the defendant was entitled to be otherwise apprized of the conduct that he was alleged to have undertaken in furtherance of this multi-faceted, if not multiple, conspiracy (citations omitted). Moreover, it is of no consequence that the requested information would have required the disclosure of evidence or the theory of the prosecution. While a bill of particulars 'is not intended, as such, as a means of learning the government's evidence and theories,' if necessary to give the defendant enough information about the charge to prepare his defense, 'it will be required even if the effect is disclosure of evidence or theories.' Charles Alan Wright, Federal Practice and Practice and Procedure §129.

158 F.3d at 665. Indeed, the court continued, "we have little hesitancy in saying that a bill of particulars or other adequate disclosure is appropriate where a conspiracy count covers a complex series of events over a number of years but provides only the bare bones of the charge ...." 158 F.3d at 666.

UNITED STATES  V. CURTIS NEWTON			CASE NO.: 00-6311-CR-HUCK

The indictment in this case is vague and complex. It lists numbers of alleged acts by categories without identifying time, place, actor(s) or victims(s). The RICO pattern allegation consists of a list of crimes by their statute number in various penal codes without a specification of any particular instance of these crimes. The manner and means section of the conspiracy is similarly vague. That pattern continues throughout the charges. Even for those counts which deal with a single incident, there is no specification of the role played by each of the alleged defendants or anyone else who was acting with them.

Particulars such as those sought here have been ordered by a number of courts, In United States vs. Davis, 1996 WL 6997 (E.D. La), the court ruled that the government would be required to specify how each defendant "participated." In United States v. Vastola, 670 F. Sipp 1244, 1269-70 (D.N.J. 1987), the Court ordered disclosure of the date, place, and participant in each event alleged in the indictment, unless the prosecution demonstrated danger in disclosing participants. In United States v. Johnson, 973 F. Supp 1102, 110 (d. Neb. 1997), in which a drug conspiracy was charged, the Court ordered the prosecution to disclose description of the criminal acts, the date on which they occurred, the locations at which they occurred, the name(s) of person(s) involved or present, and the specific quantity of drug, if known. "The government must reveal the substance, time, place and date of each overt act as well as the identities of the participants in those acts." United States v. Rogers, 617 F. Supp 1024, 1029 (D.Colo. 1985). In a false statement prosecution, the court

UNITED STATES V. CURTIS NEWTON        CASE NO.: OO-6311-CR-HUCK

ordered the government to provide information as to exactly what the false statements are, what about them is false, who made them, and how (the defendant) caused them to be made, United Sates v. Trie, 21 F. Supp d 7, 222 (D.D.C 1998).

These barebones charges make it impossible for the defendant CURTIS NEWTON, to prepare a defense and to determine whether he is being or will be put in jeopardy twice for the same offense.

For all the above reasons, the defendant, CURTIS NEWTON, respectfully request an order requiring the prosecution to furnish the requested particulars.

RESPECTFULLY SUBMITTED:

_____
WILLIAM J. CONE, JR., ESQUIRE
514 S.E. 7TH STREET
Fort Lauderdale, Florida 33301
Phone: (954) 7674-0570
Fla. Bar No.: 321516

## SERVICE LIST

### United States v. Curtis Newton, et al
### Case Number 00-6311-CR-HUCK

Michael J. Dittos, Esq.
United States Attorney's Office
7th Floor
500 East Broward Boulevard
Fort Lauderdale, Florida 33394

Paul D. Lazarus, Esquire
Paul D. Lazarus, P.A.
Penthouse Two
800 Brickell Avenue
Miami, Florida 33131

Donald I. Bierman
Bierman, Shohat, Loewy & Klein, P.A.
Penthouse Two
800 Brickell Avenue
Miami, Florida 33131

Guy Spiegleman, Esq.
Suite 400
28 West Flagler Street
Miami, Florida 33131

Reemberto Diaz, Esquire
1435 South Miami Avenue
Miami, Florida 33130

Larry Hanfield, Esquire
Suite 1130
4700 Biscayne Boulevard
Miami, Florida 33137

James D. Henderson, Esquire
Suite 1130
12121 Wilshire Boulevard
Los Angeles, California 90025

Martin R. Raskin, Esquire
Suite 206, Grove Forest Plaza
2937 Southwest 27th Avenue
Miami, Florida 33133

Steve Kassner, Esquire
Suite 303
815 Ponce de Leon Boulevard
Coral Gables, Florida 33134

Lehr & Gasalla, P.A.
Attorneys for Defendant Seymore
1401 Brickell Avenue, Suite 810
Miami, Florida 33131