NIGHT BOX
FILED

FEB 12 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6311-CR-HUCK

| | |
|---|---|
| UNITED STATES OF AMERICA: | 21 U.S.C. 963 |
| | 21 U.S.C. 952 |
| Plaintiff, : | 21 U.S.C. 846 |
| v. | 21 U.S.C. 843 (b) |
| : | 21 U.S.C. 841 |
| CLARENCE LARK | 18 U.S.C. 1962 |
| LARRY CRENSHAW, : | 18 U.S.C. 1957 |
| WILLIAM GARCIA, | 18 U.S.C. 1956 |
| CURTIS NEWTON, : | 18 U.S.C. 2 |
| JOHN GALLO, | |
| RICARDO MCHORNE : | |
| CHARLIE HALL, | MAGISTRATE JUDGE BROWN |
| KEITH LAMPKIN, and | |
| LAWRENCE SEYMORE, : | |
| | |
| Defendants. : | |

## CURTIS NEWTON'S MOTION TO DISMISS COUNTS TWO (2) AND THREE (3) WITH INCORPORATED MEMORANDUM OF LAW

Defendant, CURTIS NEWTON, by and through undersigned counsel, hereby moves to dismiss Counts Two and Three of the Indictment pending against him on the following grounds:

1. Count Two is defective because it fails to allege an essential element, the predicate acts the conspirators agreed would be committed.

2. Count Two and Three are too vague to permit defendants to prepare a defense.

As grounds for said motion, defendant states:

-1-

UNITED STATES VS. CURTIS NEWTON         CASE NO.: OO-6311-CR-HUCK

## COUNT TWO FAILS TO ALLEGE ALL ELEMENTS
## AND COUNT TWO AND THREE
## FAILS TO PROVIDE ADEQUATE NOTICE

**Failure to allege an essential element**

Count Two of the Indictment, which charges a RICO conspiracy, fails to state an offense because the Indictment does not allege all the essential elements of the offense. There are no predicate acts set forth in Count Two, only a list of statute numbers which the government alleges were violated. Even in a RICO conspiracy count, the predicate acts that the conspirators agreed either to commit or to have committed must be alleged because they are essential elements of the charge.

It is fundamental that any count of an indictment must state all the essential elements of the crime charged. *See Almendarez-Torres v. United States*, 118 S.Ct. 1219, 1223; *United States v. Scott*, 993 F.2d 1520 (11th Cir. 1993) *(per curiam)* (dismissing indictment where charge failed to allege "unlawfully"). It is not sufficient for the indictment to reference the statute charged. *United States v. Gayle*, 936 F.2d 1234 (11th Cir. 1991) (reversing a defendant's conviction where an indictment entirely omitted an essential element, despite a statutory reference in the indictment); *United States v. Adkinson*, 135 F.3d 1363, 1375 and n.37 (11th Cir. 1998) (an indictment that tracks the statutory language of a crime states an offense only when the statutory language itself includes all the essential elements of the crime necessary to constitute the offense).

STATE V. CURTIS NEWTON            CASE NO.: 00-6311-CR-HUCK

In the case of a RICO conspiracy, as discussed below, the specific predicate acts that the conspirators agreed to have committed are essential elements of the offense. As no predicate acts are alleged in Count Two, it is defective.

> To establish a RICO conspiracy violation under 18 U.S.C. §1962 (d), the government must prove that the defendants objectively manifested, through words or actions, an agreement to participate in the conduct of the affairs of the enterprise through the commission of two or more predicate crimes.,

United States v. Starrett, 55 F.3d 1525, 1543 (11th Cir. 1995) citations and internal quotations omitted). "A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense . . . ." United States v. Salinas, 522 U.S. 52, (1997).

Here, the Indictment alleges that the defendants conspired to violate 18 U.S.C. §1962(d). The elements of that crime are: "(1) the existence of an enterprise; (2) that the enterprise affected interstate commerce; (3) that the defendant were employed by or associated with the enterprise; (4) that the defendants participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and (5) that the defendant participated through a pattern of racketeering activity" United States v. Starrett, supra, 55 F.3d at 1541. (Citations omitted). The pattern of racketeering activity requires at least two of the defined predicate acts as set forth at 18 U.S.C. § 1961 (5). Ibid.

UNITED STATES V. CURTIS NEWTON              CASE NO: 00-6311-CR-HUCK

Thus, the allegation of specific predicate acts is essential to a properly charged 1962 (d) count, and, therefore, of a conspiracy to violate that substantive RICO statute. There is a direct parallel in the law governing the prosecution of continuing criminal enterprises ("CCE") in violation of 21 U.S.C. §848. *See, in this regard*, <u>Richardson v. United States</u>, 119 S.Ct.1707 (1999). In *Richardson*, the Supreme Court held that a CCE charge, under which the government must prove that a defendant has committed a "continuing series of violations," requires unanimity from the jury with respect to the specific violations constituting the "continuing series of violations."

Unanimity is required because the violation are essential elements of the CCE offense. As the Supreme Court stated in *Richardson*.

> Calling a particular kind of fact an "element" carries certain legal consequences, *Almendarez-Torres v. United States*, 523 U.S. 224, 239 (1998). The consequences that matters for this case is that a jury in a federal criminal case cannot convict unless it unanimously finds that the government has proved each element.

*Id.*, at 1711.

If the series of violations for a CCE forms an essential element of that offense, then the predicate offenses are essential elements of the RICO conspiracy charge. It is important to note that this Circuit has stated that the "CCE statute is very similar to RICO in its requirements, structure and application". <u>United States vs. Gonzalez</u>, 921 F.2d 1530, 1537 (11th Cir. 1991. The accompanying footnote goes on to say that

UNTIED STATES V. CURTIS NEWTON            CASE NO.: 00-6311-CR-HUCK

> The CCE statute, like RICO, relies on a list of predicate offenses, and a violation of the statue requires a series of these predicate violations undertaken in the context of a criminal enterprise. Both "series" and "enterprise" are defined in the statute. See 21 U.S.C. §848 (b)(1) - (b)(2)(A).

The Eleventh Circuit has already held that jury in a RICO conspiracy case must determine unanimously which predicate acts, if any, a defendant conspired to have committed. *See United States v. Shenberg*, 89 F.3d 1461, 1472 (11th Cir. 1996), cert, denied, 117 S.Ct. 961 (1997). In *Shenberg*, the Court stated that the following instruction was the proper instruction in a RICO conspiracy case:

> You must unanimously agree as to which two or more racketeering acts, that is, predicate offenses, if any, the defendant allegedly agreed to commit or would be committed. It would not be sufficient if some of the jurors should find that the Defendant agreed to commit two of the racketeering acts or agreed that two such acts would be committed while the remaining jurors found that he agreed to commit two different racketeering acts or agreed that two different such acts wold be committed; you must all agree that two different such acts would be committed; you must all agree upon the same two racketeering acts in order to find the Defendant guilty of Count 1.

*Id* at 1742. Unanimously is required because, as in *Richardson*, the specific predicate acts are essential elements.

Indeed, the Eleventh Circuit has stated that in a RICO conspiracy, the jury may only look to charged predicate acts to determine whether the defendants conspired in violation of the statute. *See United States v. Gonzalez*, 921 F.2d 1530 (11th Cir. 1991). In *Gonzalez*, the defendants were charged with a RICO conspiracy and with a substantive count. *Id.*, at 1533.

The defendants were convicted only on the conspiracy count. One of the defendants challenged his conviction on the grounds that uncharged predicate acts were admitted against him. The Eleventh Circuit stated that these other predicate acts "while not to be used as RICO predicates, are clearly relevant and admissible to proving RICO's other elements. Id., at 1546 (emphasis added, citations omitted.

Thus, as <u>no</u> predicate acts are alleged, the Count is defective and must be dismissed.

## LACK OF ADEQUATE SPECIFICITY

Count Two and Three of the Indictment does not state the alleged offense, conspiracy to violate RICO, in violation of 1962 (d), with adequate specificity. The Sixth Amendment guarantees every defendant the right to be informed of the government's accusation against him. *Russell v. United States*, 369 U.S. 749, 761 (1962). The prevailing test relied upon by courts seeking to safeguard this constitutional protection was set out in <u>Hamling v. United States</u>, 418 U.S. 87 (1942)

> An indictment is sufficient, if it first, contains the elements of
> the offense charged and fairly informs a defendant of the charge
> against which he must defend, and, second, enables him to plead
> an acquittal or conviction in bar of future prosecutions for the
> same offense.

*Id.* at 117.

That standard is not met in this case, because, first, as noted above, all the essential elements are not set in the Count. Second, and as important, Count Two provides no notice to the defendant to permit him to prepare a defense.

UNITED STATES V. CURTIS NEWTON          CASE NO.: 00-6311-CR-HUCK

The RICO conspiracy charged spans a period from "at least as early as on or about 1985 until "the return of this superseding indictment," which happened on November 6, 2000. (Paragraph 3, Count Two) There is a long recitation of vague description of goals and activities of the enterprise, such as agreeing to engage in acts of drug trafficking, laundering of money and obstructing justice. However, no specific act or participation is alleged by CURTIS NEWTON, until Count 42 and 43 on or about October 16, 1997. (Indictment contains 44 counts).

The charging paragraph, paragraph 2 and 3 contains a list of at lest five (5) statutes, the violation of which are predicate acts as set forth in 18 U.S.C. §1961. All that is provided is the statue number. There is no date, place, participant, or victim alleged for any of the statutory list. The complete absence of any concrete information makes it impossible to prepare a defense.

WHEREFORE, Defendant, CURTIS NEWTON, respectfully request an Order Dismissing Counts 2 and 3.

RESPECTFULLY SUBMITTED:

_____
WILLIAM J. CONE, JR. ESQUIRE
514 S.E. 7th Street
Fort Lauderdale, Florida 33301
Phone: (954) 764-0570
Fla. Bar No.: 321516

-7-

UNITED STATES V. CURTIS NEWTON				CASE NO.: 00-6311-CR-HUCK

## CERTIFICATE OF SERVICE

    **I CERTIFY** that a true and accurate copy of the foregoing was mailed to the individuals listed on the attached Service List on this 12th day of February, 2001.

_____
WILLIAM J. CONE, JR., ESQUIRE

## SERVICE LIST

Michael J. Dittos, Esq.  
United States Attorney's Office  
7th Floor  
500 East Broward Boulevard  
Fort Lauderdale, Florida 33394  

Paul D. Lazarus, Esquire  
Paul D. Lazarus, P.A.  
Penthouse Two  
800 Brickell Avenue  
Miami, Florida 33131  

Donald I. Bierman  
Bierman, Shohat, Loewy & Klein, P.A.  
Penthouse Two  
800 Brickell Avenue  
Miami, Florida 33131  

Guy Spiegleman, Esq.  
Suite 400  
28 West Flagler Street  
Miami, Florida 33131  

Reemberto Diaz, Esquire  
1435 South Miami Avenue  
Miami, Florida 33130  

Larry Hanfield, Esquire  
Suite 1130  
4700 Biscayne Boulevard  
Miami, Florida 33137  

James D. Henderson, Esquire  
Suite 1130  
12121 Wilshire Boulevard  
Los Angeles, California 90025  

Martin R. Raskin, Esquire  
Suite 206, Grove Forest Plaza  
2937 Southwest 27th Avenue  
Miami, Florida 33133  

Steve Kassner, Esquire  
Suite 303  
815 Ponce de Leon Boulevard  
Coral Gables, Florida 33134  

Lehr & Gasalla, P.A.  
Attorneys for Defendant Seymore  
1401 Brickell Avenue, Suite 810  
Miami, Florida 33131