UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 00-6311-CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

VS.

CLARENCE LARK, Et Al.

    Defendants
_____/

## GOVERNMENT'S RESPONSE TO CURTIS NEWTON'S MOTION TO DISMISS COUNTS TWO AND THREE OF THE INDICTMENT

Comes now the United States and hereby files its response to Defendant Newton's Motion to Dismiss Counts Two and Three of the indictment.

Defendant Newton asserts that he is charged with conspiring to violate the provisions of the Racketeer Influenced and Corrupt Organizations Statute (RICO) and argues that this count does not state an offense. The bulk of the defendant's motion asserts that the RICO offense is not properly charged. (Defendant's motion at pages 2-7). However, Defendant Newton is <u>not</u> charged in the RICO count which is Count one of the indictment. Consequently, he does not have standing to assert that the he should be dismissed from a count and a charge in which he is not named.



The defendant moves for the dismissal of Counts 2 and 3, in which he is named, and which charge narcotics conspiracies. Defendant Newton, however, simply asserts that these counts fail to name an essential element of the offense and are too vague. The defendant cites no case law and no reason in support of these conclusions.

It is well settled that an indictment is sufficient if it sets forth the elements of the offense and informs the defendant of the charge so that he or she may prepare a defense and invoke the double jeopardy clause where appropriate. United States v. Steele, 178 F.3d 1230, 1234 (11th Cir. 1999)(failure of indictment to state exact date of the alleged dispensing of a controlled substance offense did not render indictment invalid because it is well settled that the failure to do so did not preclude the defendant from preparing an adequate defense); United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998)(holding that indictment sufficient despite failure to allege "willfulness" and "materiality" elements of Clean Air Act).

A review of Counts 2 and 3 clearly shows that the indictment states the elements of the offense and informs the defendant of the nature of the charges. The indictment at Paragraph 2 of Count 2 page 10 sets forth the elements of the offense of conspiracy to import in excess of five kilograms of cocaine and in excess of 1,000 pounds of marijuana into the United States.

The indictment goes beyond the statutory requirement and in paragraphs 5 and 7, on pages 11-12, sets forth the role of the Defendant Newton in the narcotics conspiracy. Similarly, Count 3 sets forth the elements of the offense of conspiracy to distribute in excess of five kilograms of cocaine and 1,000 kilograms of marijuana. (Count 3, Paragraph 2, page 14).

The defendant's assertion that the indictment is legally insufficient is without merit and should be denied.

Respectfully submitted,
GUY A. LEWIS
UNITED STATES ATTORNEY

BY: *Michael J. Dittoe*
MICHAEL J. DITTOE
Assistant United States Attorney
Court ID #A5500209
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

BY: *Michael J. Dittoe*
TERRENCE THOMPSON
Assistant United States Attorney
Court ID #A5500063
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _19TH_ day of March, 2001 to:

Donald I. Bierman, Esq
Bierman, Shohat, Loewy & Klein, P.A.
800 Brickell Avenue, PH-2
Miami, FL 33131

(305) 358-7000
Attorney for Lark

Steve Kassner, Esq.
815 Ponce de Leon Blvd., Ste. 303
Coral Gables, FL 33134

(305) 461-2744
Attorney for Lampkin

Bruce H. Lehr, Esq.
1401 Brickell Ave., Ste. 810
Miami, FL 33131

(305) 377-1777
Attorney for Seymour

Larry Hanfield, Esq.
4770 Biscayne Blvd., Ste. 1200
Miami, FL 33137

(305) 576-1011
Attorney for Hall

Paul D. Lazarus, Esq.
800 Brickell Ave., PH-2
Miami, FL 33131

(305) 539-0606
Attorney for Crenshaw

Guy Speigelman, Esq.
28 W. Flagler St., Ste. 400
Miami, FL 33131

(305) 373-6634
Attorney for McHome

Reemberto Diaz, Esq.
1435 S. Miami Ave.
Miami, FL 33130

(305) 446-0001
Attorney for Hall

James D. Henderson, Esq.
12121 Wilshire Blvd., Ste. 1130
Los Angeles, CA 90025

(310) 478-3131
Attorney for Gallo

Martin R. Raskin, Esq.  
Grove Forest Plaza, Ste. 206  
2937 S.W. 27 Ave.  
Miami, FL 33133  

(305) 444-3400  
Attorney for Gallo  

William J. Cone, Jr., Esq.  
514 S.E. Seventh St.  
Ft. Lauderdale, FL 33301  

(954) 764-0570  
Attorney for Newton  

_____  
MICHAEL J. DITTOE  
ASSISTANT UNITED STATES ATTORNEY