00-6311.ou

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6311 CR HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CURTIS NEWTON, et al.,

    Defendant.

_____/



## ORDER DENYING MOTION FOR BILL OF PARTICULARS

This Cause is before the Court on the Defendant Curtis Newton's Motion for Bill of Particulars, filed February 12, 2001. The Court having reviewed the Motion and the Response, and being otherwise fully advised, **FINDS** as follows:

The purpose of a bill of particulars is threefold: (1) to allow the defendant to prepare a defense; (2) to minimize surprise to the defendant at trial; and (3) to enable the defendant to plead double jeopardy in the event of a later prosecution for the same offense. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986), cert. denied sub nom., Tribune v. United States, 480 U.S. 931 (1987); United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985), cert. denied, 475 U.S. 1022 (1986); United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985).

A bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980), cert. denied, 449 U.S. 1015 (1980). Rather, it "supplements an indictment by providing the defendant with information *necessary* for trial preparation." Anderson, 799 F.2d at 1441 (emphasis in original). Although much of the

information Defendant requests would certainly be helpful for him to know in connection with his pretrial preparation, this Court finds that it is not <u>necessary</u>.

Where the indictment supplies adequate notice of the offense, a bill of particulars is unnecessary. <u>See</u> <u>United States v. Martell</u>, 906 F.2d 555, 558 (11th Cir. 1990). A Court may properly deny a bill of particulars where the indictment lists the co-defendants and provides notice of the elements of the charged offenses. <u>See</u> <u>United States v. Draine</u>, 811 F.2d 1419 (11th Cir.), <u>cert. denied</u>, 484 U.S. 827 (1987). As the Court noted in <u>United States v. Freeman</u>, 619 F.2d 1112, 1118 (5th Cir. 1980), the Defendant "'confuses [his] Constitutional right to know what offense is charged with his need to know the evidentiary details establishing the facts of such offense' that can be provided through a motion for bill of particulars."

Although Defendant cites cases from other jurisdictions in support of his requests, case law in the Eleventh Circuit provides that the Government is not required to provide the Defendant with the names of any unindicted co-conspirators, more specific acts taken by the Defendant other than those alleged, or the exact times or places of those alleged acts. <u>See</u> <u>United States v. Colson</u>, 662 F.2d 1389, 1391 (11th Cir. 1991); <u>see also</u> <u>Anderson</u>, 799 F.2d at 1442; <u>United States v. Rosenthal</u>, 793 F.2d 1214, 1227 (11th Cir.), <u>modified</u>, 801 F.2d 378 (11th Cir.1986). Furthermore, "[a] bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy." <u>Rosenthal</u>, 793 F.2d at 1227 (defendant charged with RICO conspiracy).

Finally, a defendant is not entitled to a bill of particulars "with respect to information which is already available through other sources such as the indictment or discovery and inspection." <u>Id</u>. In this case, the Government states that it has "disclosed in the discovery process summary charts that set forth many of the narcotics importations and distributions that occurred during the course

of the conspiracy."

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion for Bill of Particulars is **DENIED**.

**DONE AND ORDERED** this 10th day of April, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:  Honorable Paul C. Huck
Michael Dittoe, Esq. (AUSA)
Paul D. Lazurus, Esq.
James D. Henderson, Esq.
Donald I. Bierman, Esq.
William Cone, Esq.
Reemberto Diaz, Esq.
Martin R. Raskin, Esq.
Steve Kassner, Esq.
Larry R. Handfield, Esq.
Bruce H. Lehr, Esq.
Guy Spiegelman, Esq.