00-6311.rr

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6311 CR HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CURTIS NEWTON, et al.,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

This Cause is before the Court on the Defendant Curtis Newton's Motion to Dismiss Counts Two (2) and Three(3), filed February 12, 2001. The Court has reviewed the Motion and the Response.

### Facts and Discussion

Defendant moves to dismiss Count Two on the grounds that it "fails to allege an essential element, the predicate acts the conspirators agreed would be committed," and Counts Two and Three on the grounds that they are overly vague.

Defendant's first argument is misplaced, in that the substance of the argument relates to a RICO conspiracy, which is charged in Count One of the Indictment. Defendant is not charged in that Court and he therefore has no standing to raise that argument. Defendant is charged in Count Two, which charges conspiracy to import narcotics, and Count Three, which charges conspiracy to possess with intent to distribute narcotics. An indictment is sufficient if it sets forth the elements of the offense and allows the Defendant to prepare a defense and invoke the double jeopardy clause if necessary. See United States v. Steele, 178 F.3d 1230, 1234 (11th Cir. 1999). This Court finds that

the Counts are not overly vague.

Counts Two and Three provides details as to the alleged time frame of the conspiracies, the amounts and types of narcotics, the alleged co-conspirators, and their activities. It further alleges that as part of the conspiracy Defendant Newton would "broker hundreds of kilograms of cocaine that would be smuggled into the United States for further distribution by mid-level distributors"; "introduce Teamster Local 390 President Clarence Lark to alleged drug smuggler Willie Jackson to promote the smuggling of cocaine and marijuana through Port Everglades and the Port of Miami"; and "abuse his position as a member of the International Longshoremen's Association (ILA) and his status as a stevedore at the Port of Miami to further the illegal importation and distribution of controlled substances." Count 2, ¶¶ 5-7.

This Court finds Defendant's argument that Counts Two and Three are impermissibly vague to be without merit.

### Recommendation

Accordingly, this Court respectfully recommends that the Motion to Dismiss be **DENIED**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 10th day of April, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Paul C. Huck
      counsel on attached list
      Michael Dittoe, Esq. (AUSA)
      Paul D. Lazurus, Esq.
      James D. Henderson, Esq.
      Donald I. Bierman, Esq.
      William Cone, Esq.
      Reemberto Diaz, Esq.
      Martin R. Raskin, Esq.
      Steve Kassner, Esq.
      Larry R. Handfield, Esq.
      Bruce H. Lehr, Esq.
      Guy Spiegelman, Esq.