UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 00-6311-CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

VS.

CLARENCE LARK, et al.

    Defendants
_____/

NIGHT BOX FILED
MAY 04 2001
CLARENCE MADDOX
CLE  USDC / SDFL / MIA

## SUPPLEMENTAL BRADY DISCLOSURE

Comes now the Unites States, and hereby files its supplemental disclosure under Brady v. Maryland and its progeny.

All potential cooperating defendants who will or may testify were given a standard use immunity letter when they were initially debriefed by the government. No witness was given transactional immunity. These defendants include Willie Jackson, Lionel "Ron" Welch, Rodney Jackson, Eugene Mills, Andre Denson, Jesus Wilson, Malcom Edwards, Anthony Spence and Harold Wright. In addition, Jerry Peebles and Mary Lou Peebles will be testifying under use immunity.

Cooperating Defendant Harold Wright filed a false affidavit claiming that he heard that a government witness would commit perjury. Prior to his perjury, the government filed a motion to reduce the sentence of Harold Wright based on his substantial

assistance in the prosecution of numerous defendants who smuggled drugs into the United States. The government filed a sentencing reduction motion for Lionel Welch, based on his truthful testimony, and intends to file an additional Rule 35 motion based on his continued cooperation in this and other cases. The government paid Welch approximately $4,000 in relocation expenses based on a potential threat posed by a defendant. Based on Anthony Spence's truthful cooperation, the United States filed a motion to reduce his sentence.

The government, in accordance with its plea agreements, will consider filing sentencing reduction motions for Willie Jackson, Rodney Jackson, Jesus Wilson and Malcom Edwards at the appropriate time. With respect to defendants Andre Denson and Eugene Mills, the United States will consider filing a motion under Rule 35 to reduce their sentences if they are called as witnesses and if they give truthful testimony.

Rodney Jackson testified in a trial before he plead guilty and did so in accordance with the understandings set forth in the attached letter. In a debriefing the Defendant Charlie Hall indicated that he did not distribute any drugs for Willie Jackson. In immunized grand jury testimony, and a subsequent debriefing, Defendant Dave Edwards continued to maintain his innocence concerning the drug trafficking crimes for which he was convicted and denied that he was aware of Willie Jackson's

criminal acts.

Robert Jackson, the brother of the cooperating defendant Willie Jackson, was a participant in at least one narcotics importation and agreed to cooperate with the United States. Willie Jackson described the involvement of his brother in a narcotics transaction. The United States orally indicated that it would take into consideration the nature and extent of both Willie Jackson's and Robert Jackson's cooperation in making a decision whether or not to charge Robert Jackson with the commission of a crime. Robert Jackson has not been charged with a crime.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: *[signature]*
MICHAEL J. DITTOE
Assistant United States Attorney
Court ID #A5500209
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

BY: *[signature]*
TERRENCE THOMPSON
Assistant United States Attorney
Court ID # A5500063
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered in open court this 7th day of May, 2001 to the below listed counsel:

Donald I. Bierman, Esq
Bierman, Shohat, Loewy & Klein, P.A.
800 Brickell Avenue, PH-2
Miami, FL 33131

(305) 358-7000
Attorney for Lark

Guy Speigelman, Esq.
28 W. Flagler St., Ste. 400
Miami, FL 33131

(305) 373-6634
Attorney for McHorne

William J. Cone, Jr., Esq.
514 S.E. Seventh St.
Ft. Lauderdale, FL 33301

(954) 764-0570
Attorney for Newton

Paul D. Lazarus, Esq.
800 Brickell Ave., PH-2
Miami, FL 33131

(305) 539-0606
Attorney for Crenshaw

Bruce H. Lehr, Esq.
1401 Brickell Ave., Ste. 810
Miami, FL 33131

(305) 377-1777
Attorney for Seymore

_____
MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY

_____
TERRENCE THOMPSON
ASSISTANT UNITED STATES ATTORNEY



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

500 East Broward Boulvard
Fort Lauderdale, FL 33394
(954) 356-7255

March 12, 2000

Craig Stella, Esq.
721 N.E. 3rd Ave.
Ft. Lauderdale, FL 33304
**Hand Delivered in Court and Mailed**

RE: Discovery United States v. Cromartie, Case Number 99-6234

Please find enclose copies of the criminal complaints filed against Rodney Jackson. As noted in my prior letter, the Ft. Lauderdale Office of the United States Attorney's Office has a separate criminal case involving Rodney Jackson for the smuggling of over 150 kilograms of cocaine.

A portion of that case involves Jackson's participation in the 581 kilogram importation in April, 1997 with which the defendant Cromartie is charged in the instant prosecution. It is our present intention to seek Rodney Jackson's guilty plea to a narcotics conspiracy involving over 150 kilograms of cocaine, which is the highest amount under the United States Sentencing Guidelines. In exchange for Mr. ~~Cromartie~~ Jackson's truthful testimony, the United States will consider filing a motion to reduce Rodney Jackson's sentence. As discussed, this understanding has not yet been reduced to writing.

Following his arrest on August 17, 1999, Rodney Jackson began cooperating in an undercover capacity while on bond. Recording devises that were under the control of Jackson did not operate on numerous occasions. Drug Enforcement Administration (DEA) Officials stated a concern that Jackson was intentionally not recording certain conversations. This concern, prompted DEA agents to again arrest Jackson on February 16, 2000 for an uncharged money laundering case. The matter is still under review, however, it appears that the last

failure of the recording device to operate was <u>not</u> attributable to Rodney Jackson. At this time the full matter has yet to be resolved.

                                    Sincerely,
                                    THOMAS E. SCOTT
                                    United States Attorney

                                BY: _____
                                MICHAEL J. DITTOE
                                Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-0747-CR-ROETTGER

RECEIVED & FILED IN OPEN COURT
ON 1/30/01 AT
Miami, FLA.
Clerk...
United States District Court
Southern District of Florida

UNITED STATES OF AMERICA.

-vs-

RODNEY JACKSON,

    Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Rodney Jackson (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to waive indictment and plead guilty to a two count information which charges the defendant with conspiring to import cocaine into the United States in violation of Title 21, United States Code, Section 963 and conspiring to possess cocaine with the intent to distribute in violation of Title 21, United States Code, Section 846.

2. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the applicable guideline range and impose a sentence that is either more severe or less severe than

the guidelines range. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court must impose a minimum term of imprisonment of 10 years and may impose a statutory maximum term of imprisonment of up to life, followed by a term of supervised release. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $4,000,000.

4. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office) reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. However,

2

the United States will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The United States acknowledges that the defendant has rendered substantial assistance in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), and Section 5K1.1 of the Sentencing Guidelines, the United States agrees to move at the time of sentencing for a reduction below the level established by statute as the required minimum sentence and for a departure by the court from the guideline sentence. The defendant understands and acknowledges that the court is under no obligation to grant the government's motion for a reduction or a downward departure under the guidelines.

8. The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his/her knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture counts of the information. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with

3

respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

9. The defendant further agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to any and all assets, and/or their substitutes which are subject to forfeiture pursuant to 21 U.S.C. § 853. Those assets include:

1) Four door 1997 740i BMW with vehicle identification number WBAGF832XVDL47549 and Georgia Tag number 944EFB;

2) 95.6 acres or more of land in Decatur County, Georgia, described as Lot number 336 in the 15th land District in the City of Banbridge, Decatur County Georgia recorded on Plat Slide B151-2, Land Records, Decatur County, Georgia;

3) Land lying and being in the City of Bainbridge, Decatur County, Georgia, described as being all of Lots 29 and 30 Westwood Subdivision Unit One in accordance with a plat of said subdivision recorded formerly in Plat Cabinet C, Slide 121, now Plat Slide A179, Decatur County, Georgia.

10. The above named property is property constituting, or derived from proceeds of an unlawful drug activity, or was used or intended to be used to facilitate unlawful drug activity as set forth in the Information.

11. The defendant also agrees to immediately forfeit to the United States all of his/her right, title and interest to the sum of $200,0000 in United States Currency, which constitutes property subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 841.

12. Defendant knowingly and voluntarily agrees to waive any claim or defense she may have under the Eight Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets.

4

13. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

14. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

GUY A. LEWIS
UNITED STATES ATTORNEY

Date: _____     By: _____
                              KENNETH A. BLANCO
                              ASSISTANT UNITED STATES ATTORNEY

Date: 1-30-01              By: _____
                              DANIEL H. FORMAN
                              ATTORNEY FOR DEFENDANT

Date: 1-30-01              By: _____
                              RODNEY JACKSON
                              DEFENDANT

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


FILED by _____ D.C.
AUG 2 5 2000
CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA,   CASE NO. 00-364-CR-SEITZ

-vs-   PLEA AGREEMENT

EUGENE MILLS
      Defendant.
_____/

    The United States of America and Eugene Mills (hereinafter referred to as the "defendant") enter into the following agreement:

    1. The defendant agrees to plead guilty to counts I and II of the indictment, which counts charge the defendant with possessing two firearms after having been convicted of a crime punishable by imprisonment for a term exceeding one year and possessing with intent to distribute cocaine base in violation of Title 18, United States Code, Section 922(g)(1) and Title 21, United States Code, Section 841(a)(1).

    2. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the applicable guideline range and impose a sentence that is either more severe or less severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum

#21
HA

authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the court must impose a minimum term of imprisonment of ~~10~~ 5 years [HPS-Gm MCD] and may impose a statutory maximum term of imprisonment of up to ~~life~~ 40 years [G.m], followed by a term of supervised release. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $4,000,000.00.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200.00 will be imposed on the defendant.  <u>The defendant agrees that any special assessment imposed shall be paid at the time of sentencing</u>.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office) reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. However, the United States will not be required to make this sentencing recommendation if

the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

GUY A. LEWIS
UNITED STATES ATTORNEY

Date: 8/25/00

By: *[signature]*
MATTHEW C. DATES
ASSISTANT UNITED STATES ATTORNEY

Date: 8/25/00

By: *[signature]*
HENRY P. BELL
ATTORNEY FOR DEFENDANT

Date: 8/25/00

By: *Gene Mills*
EUGENE MILLS
DEFENDANT

12/17/98 THU 15:30 FAX                                                                  ⌀003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA       )   CASE NO. 98-124-CR-GOLD
                               )   Magistrate Judge Brown
        Plaintiff,             )
                               )
v.                             )
                               )
ANDRE DENSON,                  )
                               )
        Defendant.             )
_____)   PLEA AGREEMENT

FILED by _____ D.C.
A.S.G.
DEC 2 2 1998
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

The United States of America and ANDRE DENSON (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts Three and Seven [Eight] of the indictment, which counts charge the defendant with possession of cocaine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1) and 2.

2. The United States agrees to seek dismissal of the remaining counts of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the applicable guideline range and impose a sentence that is either more severe or less

251 #

severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.  The defendant also understands and acknowledges that, based on the nature and quantity of controlled substance involved in the offense, the court must impose a minimum term of imprisonment of 10 years and may impose a statutory maximum term of imprisonment of up to life imprisonment, followed by a term of supervised release of at least five years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $4,000,000.

5.  The defendant further understands and acknowledges that, in addition to any sentence imposed under the foregoing paragraph, a special assessment in the amount of $200 will be imposed on the defendant.

6.  The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office) shall inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.  The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.

8. The United States further agrees not to seek any increase in the defendant's offense level based upon any aggravating role in the offense, pursuant to U.S.S.G. § 3B1.1. Additionally, the United States agrees to recommend a sentence at the low end of the applicable guideline range.

9. The United States will not be required to make any of the sentencing recommendations set forth in this plea agreement if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office regarding the defendant's relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed or to appeal the manner in which the sentence was imposed, unless (1) the sentence exceeds the maximum permitted by statute, or (2) the sentence is the result of an upward departure from the guideline range that the court establishes at sentencing, or (3) the Court fails to follow any of the sentencing recommendations contained herein. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. §3742(b) However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. The defendant understands that, although defendant will be sentenced in conformity with the Sentencing

3

12/17/98 THU 15:37 FAX                                                        ☒ 000

Guidelines, by this agreement defendant waives the right to appeal the sentence on the basis that the sentence is the result of an incorrect application of the Sentence Guidelines.

11. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges that he may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

THOMAS E. SCOTT
UNITED STATES ATTORNEY

Date: 12/22/98          By: _____
                        RICHARD E. GETCHELL
                        ASSISTANT UNITED STATES ATTORNEY

Date: 12/21/98          By: _____
                        MAURICIO ALDAZABAL, ESQ.
                        ATTORNEY FOR DEFENDANT

Date: 12/21/98          By: _____
                        ANDRE DENSON
                        DEFENDANT

4